During the year 1928 Allen Seale was the duly elected sheriff of Dallas county, Tex. On May 16, 1928, he died, and plaintiff in error here was appointed to serve out his unexpired term. She executed a bond in the sum of $10,000, with the Fidelity Deposit Company of Maryland as surety thereon. Plaintiff in error, who is the widow of Allen Seale, served Dallas county as sheriff from said 16th day of May, 1928, until the 31st day of the following December. After her term of office had expired, she filed a report which purported to account for all receipts and disbursements of the sheriff's office for the whole year of 1928.
On August 4, 1932, this suit was brought by the state of Texas for the benefit of Dallas county seeking to recover of Mrs. Seale and her surety $7,982 alleged to have been received by Mrs. Seale on account of the feeding of federal prisoners; $3,872.16 received by Mrs. Seale as "out-of-county process fees"; and $1,200 paid by her out of the fees collected by her as attorney's fees.
At the conclusion of the testimony of defendants in error, the plaintiff in error introduced no evidence, and the court instructed the jury to return a verdict for defendants in error and against Mrs. Scale and her surety, jointly and severally, for $10,000, and against Mrs. Seale for an additional $3,054.15.
Judgment was rendered in accordance with the verdict, and Mrs. Seale alone has perfected a writ of error therefrom.
 Opinion.
Attached as Exhibit B to the petition of defendants in error was the report made by Mrs. Seale for the year of 1928. Plaintiff in error specially excepted to said exhibit as being immaterial and irrelevant This exception was overruled, and the action of the court is made the basis of plaintiff in error's first proposition.
Plaintiff in error argues that report attached as an exhibit was not made in pursuance of the statutes, was not even *Page 1061 
indicative of the receipts and disbursements during the seven and one-half months Mrs. Seale held the office, and therefore not material to any issue between Mrs. Seale and defendants in error.
Defendants in error, on the other hand, contend that the report was material to show that all expenses of the sheriff's office and the salaries of all deputies had been paid for the full year of 1928S, and to show that Mrs. Seale had received the entire amount of compensation allowed her by law. They further assert that Mrs. Seale was not harmed by the exhibit being attached to the petition, and that the only valid objection which could have been made to it was that it was evidentiary, which objection was not made in the trial court.
The report in question was introduced in evidence on the trial, and, while its admission was objected to there, no complaint is here made as to its admission.
We think the ruling was harmless and does not constitute reversible error, under the facts here. The assignment is overruled.
Plaintiff in error's third proposition reads: "This being a suit for an accounting and for the collection of fees of office and the plaintiff having made no proof of the earnings and expenses of the office during the Plaintiff in Error's term except to introduce in evidence what purported to be the annual report of office for the whole year 1928, Plaintiff in Error not having served the first five months thereof, and the court having refused to permit Plaintiff in Error to prove that out of her earnings she paid certain of the monies owed by the Allen Seale administration, and it being in evidence that a suit had been tried involving the fees collected by Allen Scale during the first five months of the year, the plaintiff has not made out its case and the Trial Court erred in instructing a verdict against Plaintiff in Error."
The proposition cannot be sustained.
Deputies Smith and Jameson, who it seems handled the financial affairs of the office after Mr. Seale was appointed, testified that all bills, accounts, expenses of office, and salaries of deputies were paid in full for the whole year of 1928; that checks were received from the marshal for feeding federal prisoners, and were not included in the fees of office and accounted for as such, but were given to Mrs. Seale; that the fees for serving out of county process were placed in the bank in the "Allen Seale Out of County Process" and Lula Seale "Out of County Process" accounts, and were not accounted for in her report; and that Mrs. Seale received the full amount of compensation allowed her by law.
Plaintiff in error's own testimony shows that she received the sum of $7,400 for the year 1928, and that she paid John W. Tipps $1,200 as attorney's fees.
In this state of the record we think defendant in error proved up its case. In fact, plaintiff in error in her brief practically admits the receipt of the sums sued for, and there is nothing in the record to show that she ever paid them to Dallas county.
The moneys were received by her for feeding federal prisoners and for serving out of county process, and have not been paid over by her to Dallas county. She paid out $1,200 to her attorney out of moneys which she should have paid over to the county. Therefore defendants in error were entitled to a judgment for those amounts.
She was not entitled to pay out any moneys received by her in settlement of debts of the Allen Seale administration, and, if she did so, a he could recover only from his estate.
We have carefully examined the record here with reference to the several assignments of error, and find no error.
The judgment is affirmed.